**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **OFELIA VALLIN-NIEVES,** | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | **Civil Action No. 1:17-173** |
| | § | **Criminal No. 1:14-142-1** |
| **UNITED STATES OF AMERICA,** | § | |
|     Respondent. | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On August 31, 2017, Petitioner Ofelia Vallin-Nieves filed a Motion to Vacate, Set Aside, or Correct her sentence, pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS. After conducting that review, the Court **RECOMMENDS** that the petition be dismissed for lack of jurisdiction as a successive habeas petition.

**I. Background**

On March 11, 2014, Vallin-Nieves was charged by a federal grand jury – sitting in Brownsville, Texas, – in a two count indictment, with: (1) conspiracy to possess with intent to distribute a quantity of more than fifty (50) grams of methamphetamine, in violation of 21 U.S.C. §846 and §841; and (2) possession with intent to distribute more than fifty (50) grams of methamphetamine, in violation of 21 U.S.C. § 841 and 18 U.S.C. §2. U.S. v. Ofelia Vallin-Nieves, Criminal No. 1:14-142-1, Dkt. No. 10 (hereinafter "CR").

    **A. Rearraignment & Waiver of Appellate Rights**

On June 3, 2014, Vallin-Nieves entered a guilty plea before the District Judge to Count Two – possession with intent to distribute more than fifty (50) grams of methamphetamine – pursuant to a written plea agreement. CR Dkt. No. 22, p. 1.

1

Vallin-Nieves's written plea agreement indicates that she knowingly and voluntarily waived her appellate rights. CR Dkt. No. 22, pp. 4-5.

Paragraph 11 of the plea agreement provides:

> Defendant is aware that Title 18, United States Code, § 3742, affords a defendant the right to appeal the conviction and sentence imposed. The defendant knowingly and voluntarily waives the right to appeal the conviction and the sentence imposed, or the manner in which the sentence was determined. Additionally, the defendant is aware that Title 28, United States Code, § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant knowingly and voluntarily waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding. If the defendant files a notice of appeal following the imposition of sentence, the government will seek specific performance of this provision.

CR Dkt. No. 22, pp. 4-5.

**B. Sentencing & Direct Appeal**

In the final presentence report ("PSR"), Vallin-Nieves was assessed a base offense level of 38 for possession with intent to distribute approximately 1.5 kilograms, net weight, of d-methamphetamine hydrochloride or "ice." CR Dkt. No. 27, p. 6. Vallin-Nieves was also assessed an additional two-level enhancement because the instant offense involved the importation of methamphetamine into the United States. Id., p. 7. Vallin-Nieves received a three-level reduction for acceptance of responsibility. Id. Thus, Vallin-Nieves was assessed a total offense level of 37.

Vallin-Nieves did not have any prior convictions and thus had a criminal history category of I. CR Dkt. No. 27, p. 7. Based upon Vallin-Nieves's offense level of 37 and criminal history category I, the presentence report identified a guideline sentencing range of 210 to 262 months of imprisonment. Id., p. 12.

On November 11, 2014, the District Court sentenced Vallin-Nieves to 108 months imprisonment, five years of supervised released – without supervision – and a $100 special

assessment fee, which was remitted. CR Dkt. No. 34.  The judgement was entered on December 9, 2014. Id.

Neither the District Court docket nor the Fifth Circuit docket reflect the filing of a direct appeal.  A notice of appeal must be filed within fourteen (14) days from the entry of judgment. See FED. R. APP. P. 4(b)(1)(A), 26(a)(2).  Therefore, Vallin-Nieves's deadline for filing a notice of appeal passed on December 23, 2014. Id.

### C. Retroactive Application of Guideline Amendment

On March 23, 2015, Vallin-Nieves filed a motion for retroactive application of the sentencing guidelines – specifically, Amendment 782, which reduced the guideline sentencing range for certain drug offenses – to her case. CR Dkt. No. 37.

On January 15, 2016, the District Court denied the motion for the amendment, noting that because of the quantity of drugs she possessed, the amendment would not reduce her sentence and that Vallin-Nieves already received a sentence below the guideline sentencing range. CR Dkt. No. 44.[1]

### D. First Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On June 17, 2016, Vallin-Nieves timely filed a motion pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside, or correct her sentence. Dkt. No. 1.  In her motion, Vallin-Nieves asserted that her sentence was unlawfully enhanced under the Armed Career Criminal Act ("ACCA"), because she was subject to the residual clause that was deemed unconstitutional in Johnson v. U.S., 135 S. Ct. 2551 (2015). Vallin-Nieves v. U.S., Civil No. 1:16-136, Dkt. No. 1.

On August 16, 2016, the District Court dismissed the petition because Vallin-Nieves had waived her right to collaterally attack her sentence and because her claims were substantively meritless. Vallin-Nieves v. U.S., Civil No. 1:16-136, Dkt. No. 8. Vallin-Nieves did not appeal the dismissal of her petition.

---

[1] On March 21, 2016 and on July 5, 2017, Vallin-Nieves filed motions for the court to reconsider its denial of her motion. CR Dkt. Nos. 47, 52.  The Court denied both of those motions. CR Dkt. Nos. 48, 54.

**E. Current Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255**

On August 31, 2017, Vallin-Nieves filed the instant motion to vacate, set aside or correct her sentence. Dkt. No. 1. In the current motion, Vallin-Nieves asserts that: (1) she should receive a reduction in her sentence based on the retroactive application of the sentencing guidelines; and, (2) her sentence violated the sentencing factors set out in 18 U.S.C. § 3553.[2] Dkt. No. 1.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to the petition.

**II. Applicable Law**

    **A. Section 2255**

As relevant here, 28 U.S.C. § 2255 provides:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Id.

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") requires a petitioner to obtain authorization from the appropriate federal appellate circuit court before he or she may file a "second or successive" petition for relief in federal district court. 28 U.S.C. § 2444(b)(3). U.S. v. Rich, 141 F.3d 550 (5th Cir. 1998); Hooker v. Sivley, 187 F.3d 680, 681-82 (5th Cir. 1999). Absent such authorization, the district court lacks the jurisdiction to hear the case. U.S. v. Key, 205 F.3d 773, 774 (5th Cir. 2000). If a petitioner files a second or

---

[2] Vallin-Nieves refers to the "3663" factors, but it appears she meant to refer to 18 U.S.C. § 3553. Title 18, U.S.C. § 3663, relates to the imposition of restitution as part of a sentence. There was no such restitution as part of Vallin-Nieves's sentence. Accordingly, the Court understands that Vallin-Nieves meant to refer to the factors set out in section 3553, which relate to factors considered when arriving at a sentence in a criminal case.

4

successive habeas petition in the district court, without the authorization of the appellate court, "it would be immediately dismissed for lack of jurisdiction." Id.

A petitioner may not file a second or successive petition unless it has been certified by "a panel of the appropriate court of appeals" to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

A motion that attacks a previously decided § 2255 petition, or challenges the judgment of conviction or sentence, is a second or successive petition and must be authorized by the appropriate court of appeals. U.S. v. Mason, 116 Fed. App'x. 469, 470 n. 4 (5th Cir. 2004) (unpubl.) (citing U. S. v. Rich, 141 F.3d 550, 553 (5th Cir. 1998)). Irrespective of how it is styled – in the absence of express authorization by the circuit appellate court – a second or successive habeas petition is to be dismissed by the district court for lack of jurisdiction. Key, 205 F.3d at 774.

### III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, where the information available in the record and the clarity of the facts demonstrate a clear absence of entitlement to relief, a hearing is not required. U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992) ("A motion brought under § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief.") The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Vallin-Nieves' claims, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful

consideration, despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). "While we read pro se complaints liberally, pro se litigants must still comply with the law and procedural rules." Washington v. E. Baton Rouge Par. Sch. Sys., 471 F. App'x 306 (5th Cir. 2012) (unpubl.).

**A. Successive Petition**

As previously noted, Vallin-Nieves has already filed an unsuccessful § 2255 petition. Thus, this petition is her second collateral attack on her sentence via § 2255.

When a petitioner files a second or subsequent habeas petition attacking the same judgment of conviction that was attacked in the first petition, the second or subsequent petition is considered to be a successive petition. See Hardemon v. Quarterman, 516 F.3d 272, 275-76 (5th Cir. 2008) ("to be considered 'successive,' a prisoner's second petition must, in a broad sense, represent a second attack by federal habeas petition on the same conviction.") (quoting Vasquez v. Parrott, 318 F.3d 387, 390 (2d Cir. 2003)). The instant petition attacks the same judgment of conviction as the first § 2255 petition that Vallin-Nieves filed. Accordingly, under the broad rule of Hardemon, the instant petition is a successive petition.

This holding does not prohibit Vallin-Nieves from pursuing this claim. In certain circumstances, successI've claims are permitted, but only after obtaining the Circuit Court of Appeals' permission. 28 U.S.C. § 2244(b)(3)(A). In the absence of that authorization, the district court lacks jurisdiction to hear the case. Key, 205 F.3d at 774. That is the case, here.

Vallin-Nieves has not identified, and the Court has not found, any authorization from the Fifth Circuit allowing Vallin-Nieves to file the instant claim in this Court. Absent such an authorization, this Court lacks jurisdiction in this case. Thus, the Court is precluded from considering the merits of Vallin-Nieves's claim.[3]

---

[3] If the Court had jurisdiction to consider the petition, it seems clear that Vallin-Nieves's petition is meritless. The motion for the retroactive application of the amendment is a technical application of the sentencing guidelines. U.S. v. Cervantes, 132 F.3d 1106, 1109 (5th Cir. 1998). A claim which involves a technical application of the guidelines is not cognizable in a § 2255

**V. Recommendation**

WHEREFORE it is **RECOMMENDED** that Petitioner Ofelia Vallin-Nieves's § 2255 petition, Dkt. No. 1, be **DISMISSED** for lack of jurisdiction as a successive petition.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if she makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of her constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A District Court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Vallin-Nieves's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Vallin-Nieves's § 2255 motion raised issues that the Court has carefully considered, she fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the

---

petition. U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). Furthermore, Vallin-Nieves's claim that her sentence violated the § 3553 factors is meritless; she received a sentence well-below the guideline sentencing range for her offense.

Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

    DONE at Brownsville, Texas, on September 5, 2017.

    _____
    Ronald G. Morgan
    United States Magistrate Judge